A93A0945. CALVERT ENTERPRISES, INC. et al. v. AMERICAN MEDICAL INTERNATIONAL, INC. et al.
(431 SE2d 132)

BLACKBURN, Judge.

The appellants operated an in-house collection agency at the Griffin-Spalding County Hospital prior to the sale of that hospital to some of the appellees. The appellants subsequently purchased the collection agency from those appellees. This action arose out of a dispute over the right to certain collections received by the appellees.

On February 14, 1992, the trial court entered summary judgment in favor of all the appellees. On March 13, 1992, the appellants filed a motion for new trial and noticed the same for hearing on June 26, 1992. No notice of appeal from the grant of summary judgment was filed.

On April 27, 1992, in response to a motion to dismiss filed by the appellees, the appellants filed a motion requesting the trial court to treat the motion for new trial as a request for extension of time to file a notice of appeal. On May 26, 1992, the appellants filed an amended motion for new trial, and named it a motion to set aside the summary judgment.

On June 26, 1992, the trial court denied the appellant's motion for new trial and motion to treat it as a motion to extend the time for filing a notice of appeal. The appellants then filed a notice of appeal on the same day as the trial court's oral pronouncement, and again on August 17, 1992, following the entry of the trial court's order. The appellees subsequently moved to dismiss the appeal, and on December 1, 1992, the trial court dismissed the appeal for failure to file a notice of appeal timely.

"A motion for new trial is not the proper vehicle to obtain a re-examination of the grant of summary judgment and a motion so filed has no validity and will not extend the filing date of a notice of appeal within the intent and meaning of [OCGA § 5-6-38]." *Shine v. Sportservice Corp.*, 140 Ga. App. 355 (231 SE2d 130) (1976). In the instant case, no notice of appeal was ever filed by the appellants until June 26, 1992, well beyond the 30-day time period required by OCGA § 5-6-38. Accordingly, the trial court properly dismissed the appellants' appeal.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

Decided April 12, 1993 —
Reconsideration denied April 21, 1993 ▮

*Mullins & Whalen, Nancy A. Bradford*, for appellants.
*Alston & Bird, Robert P. Riordan, W. Scott Mayfield, Ruth H. Gershon, Smalley & Cogburn, Robert H. Smalley, Jr., McGarity Law Offices, R. Nathan Langford*, for appellees.

